ROBERT P. BETTINGER, ESQ.
Nevada Bar #3384
2411 Goshen Ave
Henderson, NV 89074-5412
Telephone (702) 353-1608
FAX 866-323-0888
E-Mail: Parkerson@mac.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARK WOOLARD,

                         Plaintiff,

_____

CAESARS ENTERTAINMENT
OPERATING COMPANY, INC.,
CAESARS ENTERTAINMENT RESORT
PROPERTIES HOLDING COMPANY,
LLC, CAESARS ENTERTAINMENT
RESORT PROPERTIES, LLC,
CAESARS ENTERTAINMENT FINANCE
CORP, CAESARS ENTERTAINMENT
CORPORATION, DAVE ENSRUD as an
Individual and employee, agent; CANDI
BASSO, as an Individual and employee,
agent; TOM ALLRED, as an Individual
and employee, agent; DOES 1-100,
ROES CORP/LLCS 1-100., et al.
                   Defendants.

**Civ. No.** _____

**PLAINTIFF'S COMPLAINT**

**JURY DEMAND**

## PLAINTIFF'S COMPLAINT

     COMES NOW, Plaintiff, MARK WOOLARD, by and through his attorney of

record, ROBERT BETTINGER, ESQ., for all the reasons hereby noticed, asserted,

alleged and/or maintained provides, submits and/or files this Complaint.

     In the interest of plain notice, Plaintiff alleges in general and non-exclusive scope

the allegations which--after reasonable and diligent investigation (and as presently

known)--form the substantive (but not entire) basis for and/or of the employment related

violation(s) and/or unlawfully discriminatory actions of the Defendants which mandate, necessitate and/or compel judicial review, consideration and determination.

## JURISDICTION

1.  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).

2.  Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1332, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Nevada State law.

## VENUE

4.  The claims asserted in this action arose within this district and the alleged discrimination and damage occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## THE PARTIES

### PLAINTIFF

5.  At all times relevant to the exercise of this Court's of jurisdiction herein and fundamentally important for the purpose of this Court's understanding of the events herein alleged, Plaintiff, MARK WOOLARD (hereinafter "Plaintiff"), a citizen of the United States and resides in Bullhead City, County of Mohave in the State of Arizona while he was in the employ of the Defendant at all times herein substantive and as well as over a period of several years theretofore.

**DEFENDANTS**

6.  At all times relevant to the exercise of the of jurisdiction by this Court herein and also for reasons fundamentally important for the purpose of this Court's understanding of the events herein alleged, Defendant CAESARS ENTERTAINMENT OPERATING COMPANY, INC., (hereinafter "DEFENDANT CAESARS ENTERTAINMENT OPERATING COMPANY, INC.) was (and remains) a Delaware based corporation primarily engaged in the business of developing, owning and/or managing casinos and related hotels, as well as other gaming related activity and operating as a foreign business within the State of Nevada while maintaining substantial contacts with the State through its sizable business operations conducted within the general area of Laughlin and in Las Vegas, Clark County, Nevada.

7.  At all times relevant to the exercise of the of jurisdiction by this Court herein and also for reasons fundamentally important for the purpose of this Court's understanding of the events herein alleged, Defendant CAESARS ENTERTAINMENT RESORT PROPERTIES HOLDING COMPANY, LLC (hereinafter "DEFENDANT CAESARS ENTERTAINMENT RESORT PROPERTIES HOLDING COMPANY, LLC.) was (and remains) a Delaware based limited liability company primarily engaged in the business of developing, owning and/or managing casinos and related hotels, as well as other gaming related activity within the State of Nevada while maintaining substantial contacts with the State through its sizable business operations conducted within the general area of Laughlin and in Las Vegas, Clark County, Nevada.

8.  At all times relevant to the exercise of the of jurisdiction by this Court herein and also for reasons fundamentally important for the purpose of this Court's understanding of the events herein alleged, Defendant CAESARS ENTERTAINMENT RESORT PROPERTIES, LLC,  (hereinafter "DEFENDANT CAESARS ENTERTAINMENT RESORT PROPERTIES, LLC.) was (and remains) a Delaware based limited liability company primarily engaged in the business of developing, owning

and/or managing casinos and related hotels, as well as other gaming related activity within the State of Nevada while maintaining substantial contacts with the State through its sizable business operations conducted within the general area of Laughlin and in Las Vegas, Clark County, Nevada.

9. At all times relevant to the exercise of the of jurisdiction by this Court herein and also for reasons fundamentally important for the purpose of this Court's understanding of the events herein alleged, Defendant CAESARS ENTERTAINMENT RESORT PROPERTIES, LLC,  (hereinafter "DEFENDANT CAESARS ENTERTAINMENT RESORT PROPERTIES, LLC.) was (and remains) a Delaware based limited liability company primarily engaged in the business of developing, owning and/or managing casinos and related hotels, as well as other gaming related activity within the State of Nevada while maintaining substantial contacts with the State through its sizable business operations conducted within the general area of Laughlin and in Las Vegas, Clark County, Nevada.

10. At all times relevant to the exercise of the of jurisdiction by this Court herein and also for reasons fundamentally important for the purpose of this Court's understanding of the events herein alleged, Defendant CAESARS ENTERTAINMENT FINANCE CORP,  (hereinafter "CAESARS ENTERTAINMENT FINANCE CORP.) was (and remains) a Delaware based corporation primarily engaged in the business of developing, owning and/or managing casinos and related hotels, as well as other gaming related activity within the State of Nevada while maintaining substantial contacts with the State through its sizable business operations conducted within the general area of Laughlin and in Las Vegas, Clark County, Nevada.

11. At all times relevant to the exercise of the of jurisdiction by this Court herein and also for reasons fundamentally important for the purpose of this Court's understanding of the events herein alleged, Defendant CAESARS ENTERTAINMENT CORPORATION (hereinafter "CAESARS ENTERTAINMENT CORPORATION") was

(and remains) a Delaware based corporation primarily engaged in the business of developing, owning and/or managing casinos and related hotels, as well as other gaming related activity within the State of Nevada while maintaining substantial contacts with the State through its sizable business operations conducted within the general area of Laughlin, and in Las Vegas, Clark County, Nevada.

12. At all times relevant to the exercise of the of jurisdiction by this Court herein and also for reasons fundamentally important for the purpose of this Court's understanding of the events herein alleged, Defendant CAESARS ENTERTAINMENT CORPORATION (hereinafter "CAESARS ENTERTAINMENT CORPORATION") was (and remains) a Delaware based limited liability company primarily engaged in the business of developing, owning and/or managing casinos and related hotels, as well as other gaming related activity within the State of Nevada while maintaining substantial contacts with the State through its sizable business operations conducted within the general area of Laughlin and in Las Vegas, Clark County, Nevada.

13. To the best of the Plaintiff's ability to know at this time, Defendant DAVE ENSRUD at all times substantive was acting as an agent, authorized individual and/or pursuant to his employment related duties, obligations, responsibilities, functions and/or authorities and was a resident of Mohave County, Arizona; and

14. To the best of the Plaintiff's ability to know at this time, Defendant TOM ALLRED at all times substantive was acting as an agent, authorized individual and/or pursuant to his employment related duties, obligations, responsibilities, functions and/or authorities and was a resident of Clark County, Nevada; and

15. To the best of the Plaintiff's ability to know at this time, Defendant CANDI BASSO at all times substantive was acting as an agent and/or pursuant to her employment related duties, obligations, responsibilities, functions and/or authorities and was a resident of Clark County, Nevada or Mohave County, Arizona; and

**DOES and ROES**

16. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1-100 and ROES 1-100, inclusive, are unknown to the Plaintiff at this time and, therefore, said Defendants are herein sued by such fictitious names; while Plaintiff is presently informed and believes (and thereupon alleges) that each of the Defendants so designated hereby and herein is responsible in some manner for the events and happenings referred to, and/or caused damages proximately to Plaintiff as herein alleged, Plaintiff will need to ask leave of the Court to  amend the Complaint to and then to insert the true names and capacities of DOES and ROES only when the same have been properly ascertained and/or identified and therefore reserves his right/ability to seek leave to join such defendants into this action when proper.

17. In doing the acts and/or in failing and/or omitting to act as hereafter alleged and/or described, defendants were acting in their capacities as agents and/or employees of the Defendant(s) corporation(s) and/or limited liability company/ies and were acting within the course and/or scope of such employment relationship and/or agency relationship or said conduct was later ratified.

15. That in doing the acts and/or in failing and/or omitting to act as herein alleged and/or described, said defendants (either individually and/or jointly) were acting with either the implied and/or actual permission of Defendant(s) or said conduct was later ratified by Defendant(s) and the Defendants have provided their consent to said conduct.

16. Defendant at all times mentioned herein whether/either separately and/or in concert, acted or failed to act and in concert and/or engaged in conduct which deprived the Plaintiff of the rights and/or privileges and/or immunities secured by law to Plaintiff.

Plaintiff is informed and believes and thereon in reliance alleges that at all times herein mentioned each of the defendants was the agent and employee of the remaining defendants and/or in doing the things hereinafter alleged was acting within the scope of said Defendants agency relationship and in doing the things hereinafter alleged was so inherently authorized

17. The unlawful employment practices herein alleged all occurred within Clark County, located in the State of Nevada.

## STATEMENT OF FACTS

18. Plaintiff, Mark Woolard, worked for Defendant Harrah's Operating for many years spanning nearly five years in total as accumulated over the course of two separate hiring(s); and

19. To the best of his ability to recollect at this time, Plaintiff voluntarily left the employ of said Defendant during sometime between 2008 and 2010; and

20. To the best of his ability to recollect at this time Plaintiff was, as relevant herein, rehired ion or about April 25, 2011 for the position of Security Officer by said Defendant; and

21. During the period of 2011 through to 2013, Plaintiff performed his employment related functions with a high degree of acumen, distinguished by numerous accommodations, awards and/or promotions.

22. To the best of the Plaintiff's ability to recollect at this time, sometime during the period of 2011 – 2013 his wife was diagnosed with a an illness of a terminal nature that limited one or more of her major life functions with must include, but is not limited by, her ability to walk, her ability to breath, her ability to work and/or her ability to sustain life enabling medical insurance coverage; and

23. Plaintiff, as the primary bread winner and/or legal obligated to provide for the health, safety and/or welfare of his wife sought through diligent efforts at work to obtain employment related promotions that would enable him to be eligible for increasing

levels and/or classifications of insurance coverage to assist him in fulfilling his obligations as it related to his wife's terminal disability; and

24. During said period, Defendant Tom Allred and/or David Ensrud each queried Plaintiff concerning the health status of his disabled wife and specifically concerning his ability to maintain her increasing levels of medical/disability related needs given his (Plaintiff's) insufficient medical coverage; and

25. In response, Plaintiff informed said Defendants and others that his diligent efforts at work as recognized would enable him through promotion(s) to elevate to a higher level of eligibility for the purpose of securing more expansive insurance coverage; and

26. To the best of his ability to know at this time, sometime at the early part of September of 2013, Plaintiff greeted a fellow employee whom had recently returned from an absence away from work for the purpose of caring for said individuals terminally disabled spouse who had recently passed away from the same terminal disability that the Plaintiff's wife was afflicted by; and

27. As the two greeted, they shared in a mutually welcomed and/or inoffensive gesture of compassion as symbolized by an embrace and respectfully delivered peek upon the check provided by the Plaintiff to the other bereaved female individual and/or co-worker; and

28. Neither party found the embrace nor peek upon the check to be unwelcome; and

29. To the best of the Plaintiff's ability to know and/or recollect at this time, the next day, upon reporting for duty, Plaintiff was terminated for the alleged reason that he had engaged in inappropriate conduct allegedly exhibited by the mutual embraces with the other bereaved female individual and/or co-worker but said co-worker was neither disciplined or terminated; and

30. The pretext provided for Plaintiff's termination was false and maliciously proffered to disguise the unlawful conduct of the Defendant(s) which was intended to adversely deprive the Defendant of a major term and/or condition of his employment by either terminating his insurance immediately and/or

## FIRST CLAIM FOR RELIEF.

### WRONGFUL TERMINATION (BREACH OF CONTRACT)

### (Against Defendant(s) Employer(s) Only)

31. As a first, separate, and distinct cause of action, Plaintiff complains against Defendant Employer and DOES 1 through 30, inclusive, and re-alleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

32. Plaintiff was hired by Defendants under the terms of an oral and implied oral contract.

33. After Plaintiff was initially hired by Defendant Employer, Plaintiff undertook and continued employment, and duly performed all of the conditions of the above said employment agreement to be performed by Plaintiff until prevented from doing so by Defendants' unlawful conduct and/or illegal termination of Plaintiff.

## SECOND CLAIM FOR RELIEF

### WRONGFUL TERMINATION (Violation of ADA Association with Disabled) (Against Defendant(s) Employer(s) Only)

34. Upon the date of termination as well as prior thereto, Defendant Employer and DOES 1 through 33, inclusive, breached the total employment agreement by terminating Plaintiff for false, pre-textual and unlawful reasons relating to Plaintiff's association with his disabled wife and/or or through a serious of adverse employment

related changes in the terms and conditions of his employment due to Plaintiff's

association with his disabled wife and for which said Defendant(s) were aware of said

disability; and

35.     As a direct and proximate result of the Defendant Employer's breach of

the total employment agreement, Plaintiff has suffered and continues to suffer

substantial losses in earnings, vacation pay, raises, etc., which Plaintiff would have

received had Defendant Employer not breached the agreement. Plaintiff seeks

damages for these injuries, which exceed the jurisdictional limits of this court and will be

established according to proof at trial.

### THIRD CLAIM FOR RELIEF
### WRONGFUL TERMINATION (PUBLIC POLICY VIOLATION)
### (Against Defendant(s) Employer(s) Only)

36. As a second, separate, and distinct cause of action, Plaintiff complains

against Defendant Employer and DOES 1 through 35, inclusive, and re-alleges all the

allegations contained in the complaint, and incorporates them by reference into this

cause of action as though fully set forth herein.

37. Defendant Employer in unlawful retaliation illegally terminated Plaintiff from

her employment because of Plaintiff's disability

38. As a proximate result of this unlawful retaliation and/or wrongful termination

in violation of public policy, Plaintiff was caused to suffer, and continues to suffer, from

humiliation, anxiety, severe emotional distress, worry, fear, and special damages (to

include lost wages) all to her special and general damage according to proof at the time

of trial.

39. Defendant Employer did the things hereinabove alleged, intentionally,

oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff.

These acts, which resulted in Plaintiff's wrongful termination against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

40. All actions of Defendant Employer, Defendants, their employees and agents, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of Defendant Employer, Defendants, and each of them. Therefore, Plaintiff is entitled to punitive or exemplary damages against the Defendant Employer, in an amount to be determined at the time of trial.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CLAIM FOR RELIEF

### RETALIATION

**(Against All Defendants)**

41. As a Third, separate, and distinct cause of action, Plaintiff complains against Defendants, and DOES 1 through 40, inclusive, and re-alleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

42. As a result of Plaintiff's request for reasonable accommodation, Defendants engaged in a patter and/or course of adverse employment related conduct designed and/or conspired to punish Plaintiff for the exercise of her rights which proved adverse, damaging and/or detrimental to the Plaintiff in the exercise of her substantive rights and did cause Plaintiff to suffer damages as herein alleged.

43. The afore said conduct of Defendants, and each of them, and of their agents and employees was not intentional, it was negligent and Plaintiff is thereby entitled to general damages for the negligent infliction of emotional distress given its unlawfully retaliatory motive, intent, design and/or purpose.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**FIFTH CLAIM FOR RELIEF**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against All Defendants)**

44. As a fourth, separate, and distinct cause of action, Plaintiff complains against Defendants, and DOES 1 through 43, inclusive, and re-alleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

45. The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' and each of their conduct, in confirming and ratifying the complained of conduct, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

46. As a proximate result of Defendants,' and each of their, intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

47. Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted fraudulently, maliciously, oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages. Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted fraudulently, maliciously, oppressively

1   and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff

2   to an award of punitive damages.

3        WHEREFORE, Plaintiff requests relief as hereinafter provided.

4                      **SIXTH CLAIM FOR RELIEF**

5       **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

6                  **(Against All Defendants)**

7        48. As a fifth, separate, and distinct cause of action, Plaintiff complains against

8   Defendants, and DOES 1 through 47, inclusive, and re-alleges all the allegations

9   contained in the complaint, and incorporates them by reference into this cause of action

10   as though fully set forth herein.

11        49. In the alternative, if said conduct of Defendants, and each of them, and of

12   their agents and employees was not intentional, it was negligent and Plaintiff is thereby

13   entitled to general damages for the negligent infliction of emotional distress.

14       WHEREFORE, Plaintiff requests relief as hereinafter provided.

15                        **PRAYER FOR RELIEF**

16   **WHEREFORE**, the Plaintiffs pray for the following:

17   1.  That the Plaintiff recover damages, both actual and punitive, as prayed for in this

18       Complaint; and

19   2.  For any further relief as the trier-of-fact may deem fair and proper.

20   **DATED** this 29th day of August, 2014.

21

22                  ROBERT P BETTINGER

23                   */s/ Robert Bettinger*
                 ROBERT P. BETTINGER, ESQ.

24                  Nevada Bar #3384
                 Attorney for Plaintiff

25

26

27